Phillips and Security *against* Pennywit.

In Error, *from Pulaski Circuit Court.*

LITTLE
ROCK,
Jan'y 1838

PHILLIPS
*vs.*
Pennywit.

It is a general rule that all actions upon contracts, whether expressed or implied, by parole, under seal or of record, must be brought in the name of all parties legally interested.

Nonjoinder of a party plaintiff who ought to be joined, is good cause of demurrer, or fatal on arrest of judgment or in error, may be pleaded in abatement or is ground of non-suit. The same principle applies to part owners of a ship: they are partners as to freight.

Dormant partners need not join. Nor infants, nor nominal partners.

Where one partner represents himself as acting on his own account, and the firm sue, they will be non-suited.

The party with whom the contract has been expressly made, may alone maintain the action, though others may be interested.

Where all the contracts of a vessel and all its transactions are carried on in the name of one part owner, he may sue alone: the other part owner is merely a dormant partner.

This was originally an action on an account for freight due by *Phillips* to the steamboat *Neosho*, brought before the Justice, by and in the name of *Pennywit*, owner of the steamboat Neosho. Judgment being rendered by the Justice for *Pennywit*, *Phillips* appealed to the Circuit Court. In the Circuit Court it appeared upon the trial that an individual named *Yeatman*, not a party to the suit, was part owner of the boat with *Pennywit*, and beneficially interested in the event of the suit, but that the business of the boat was managed solely by *Pennywit*; all her contracts made by him, and that she was entered in port in his name. On this state of case, the plaintiff in error moved the Circuit Court to nonsuit the plaintiff there, for nonjoinder of *Yeatman*, as a party plaintiff. This motion the Circuit Court overruled, and gave judgment for *Pennywit*, for the amount of the account.

Cummins and Pike, for the plaintiffs in error: No principle of law is more clearly settled than the one here brought up for consideration, to wit, that nonjoinder of a party plaintiff who ought to be joined, is fatal in every stage of the proceedings, in arrest of judgment or on error. See 2d *Wheaton's Selwyn*, p. 867–8. It is clear that *Yeatman* was a partner of *Pennywit*, and as being part owner of the said boat, beneficially interested in the result of this suit. See also 1st *Chitty on Pleading*, p. 7, 8; 1 *Johns. Rep.* 122, *Bird and others* v. *Pierpoint*, and 2 *Saunders on Pleading and Evidence*, p. 702, 706; *Story's Pleading*, p. 20, 88; 5 *Burr*, 2611; 1 *Bos.* 71; 6 *T. R.* 369; 2 *Str.* 819; 1 *Sid.* 238; 1 *Saund.* 154, *N.* 1, 291 f.; 2 *Str.* 1146. Part owners of a ship are not excepted from the general rule: *Story*, 88;

LITTLE ROCK, Jan'y 1838.

PHILLIPS
vs.
PENNYWIT.

3 *Lev.* 354; 1 *Salk.* 32; *Str.* 820; *Show.* 189; *Carth.* 170; 1 *Saunders*, 291, *notes; Abbott on Shipping*, 81, 82.

It is clear that the judgment in the court below in favor of *Pennywit*, would by no means release the defendants below from the demand of *Yeatman.* See *Story*, 20; 6 *Mars. Rep.* 460; 7 *T. R.* 279.

It may be said, as in the court below, that *Pennywit*, being master of said boat at the time the contract arose, had the right to sue alone, and the principles of maritime law will be claimed as applying to the present case. The plaintiff in error denies the position. This is an action brought in a common law court, and by the rules of common law it must be decided. Again, if *Pennywit* would sue alone, he should have sued as master. When he sued as owner, he showed that he claimed in a character in which he did not stand alone in the suit, and the rule of law heretofore mentioned applied. Were *Pennywit* and *Yeatman* partners? They were joint owners; they were interested and participated in the profits of the boat. It is not necessary to a legal partnership that it should be confined to commercial business. See 3d *Kent*, 6, 7. It has never been doubted that part owners of a vessel were *partners*, so far as regards the freight and cargo. The case of *Nicoll & Vandewater* vs. *Mumford*, 4 *Johns. Ch. Rep.* 523, settled that point, and decided that they were tenants in common of the vessel, but partners as to freight and cargo. This is an action to recover freight. See also 5 *Vesey*, 575. And this case, overruling as it did the doctrine of *Lord Hardwicke*, in 1 *Vesey*, 497, was afterwards overruled in the Court of Errors of New York; 20 *Johns. Rep.* 611, and opinion of *Ch. Justice* SPENCER, in that case; 3 *Kent*, 16, 17; 12 *Mars. Rep.* 54.

TRAPNALL and COCKE, *contra:* This case presents but one question for the consideration of the court, and that is, whether the Circuit Court erred in overruling the defendant's motion for a nonsuit, predicated on the ground that a party was not joined as plaintiff, who by the law of the land ought to have been joined. Although the bill of exceptions shows that the appellee proved *Yeatman* was at the time the cause of action accrued, and at the time of bringing suit, a part owner of this boat with *Pennywit*, and beneficially interested as such in the event of this suit, yet it also shows that *Pennywit* was master of the boat, and that *Yeatman*, although a part owner, was a dormant partner, and had no agency in the transactions of the boat; and that the boat was entered in port in the name of *Pennywit*, and

all its contracts made, and writings entered into, in his name. The rule of law is well settled that dormant partners need not be joined. See 1st *Chitty's Pleading*, p. 7; 1st *Saunders' Reports*, p. 291, note *h.*; 3d *Starkie on Evidence*, p. 1070, marg.; 1 *Comyns' Digest*, 48.

Besides, *Pennywit* was master of the boat and had a right, as such, to carry on its transactions and institute suits in his own name, and did do so.

LACY, *Judge*, delivered the opinion of the court; the Chief Justice absent:  This suit was originally commenced before a Justice of the Peace, upon an open account.  Judgment was rendered in favor of *Pennywit*, from which *Phillips* appealed to the Circuit Court.  On the trial before that court, the appellant moved as in case of a nonsuit, but the court overruled the motion; which opinion was excepted to, and this writ of error prosecuted to reverse the judgment below.  The bill of exceptions contains all the evidence adduced on the trial, and the assignment of errors questions the correctness of the decision of the Circuit Court, in overruling the defendant's motion as in case of a nonsuit.  The proof is, that at the time the cause of action accrued, and of bringing the suit, *Yeatman* was part owner with *Pennywit* in the steamboat *Neosho*, and as such owner, beneficially interested in the event of the suit; but that *Pennywit* was the master of the boat, and it was entered in port in his name, and all its transactions, contracts, and writings were carried on by *Pennywit* alone, and in his name.

It is said that as the suit is for freight, it cannot be maintained in *Pennywit's* name alone, for *Yeatman* is part owner of the steamboat with him, and ought to have joined in the action.

In general, all actions upon contracts, whether express or implied, or whether by parole, or under seal, or of record, must be brought in the name of the parties legally interested; and a failure to join them is good cause of demurrer, in arrest of judgment, or on writ of error; or it may be taken advantage of by plea in abatement, or is ground of nonsuit on the trial upon the general issue.  1 *Chitty Pl.* 28; 1 *Saunders* 153; 2 *Strange*, 1820; 2 *Starkie*, 424.  This principle holds good as to joint or part owners of a vessel or ship, and as to partners in its freight.  *Abbott on Shipping*, 81, 82.  There are, however, many exceptions to the rule.  All ostensible partners of a firm, who have a legal interest in the contract, must join in the action; but dormant partners, though legally interested in the event of the suit,

need not join; neither is an infant or nominal partner required to join. It has been held in the case of *Myers* vs. *Edge*, and *George* vs. *Clagget and another*, reported in 7 *Term Rep.* 137, 202, and 361, that if one partner represents himself as acting on his own account and the firm sue, they will be nonsuited; and LORD KENYON, in *Leavick* vs. *Shafton*, 2d *Esp. N. P.* 468, refused to nonsuit the plaintiff, though it appeared upon the trial that one of the parties whose name was not joined in the action, was legally interested in the contract at the time it was entered into; but that fact was not known to the defendants. In the case of *Loyd* vs. *Archibold*, 2 *Taun.* 324; 6 *Ves.* 438, it is expressly decided that the nonjoinder of a dormant partner whose name appears not to be held out to the world, is not matter of nonsuit; and *Starkie* lays it down, 1070, that the parties with whom the contract has been expressly made, may alone maintain the action, although it turn out that another person, whose name is not mentioned, is secretly interested. 3 *Greenl.*, *Bastow* vs. *Gray*, 409.

The question then recurs, is *Yeatman* an ostensible or dormant partner with *Pennywit*, in the boat? It is true he is a joint owner, and as such interested in the freight and cargo; but all the contracts of the firm, and all its transactions were made alone by *Pennywit*, and carried on in his name, and he presents himself as the sole and ostensible partner in the management of all its concerns. *Yeatman* is not held out to the world as an ostensible, but as a dormant partner, and therefore the action is rightly brought. Where it appears that the name of a person is not held out to the world as one of the members of the firm, he need not be joined as co-plaintiff in the action. This principle has been repeatedly and expressly recognized in the Court of King's Bench. 1 *Starkie* 25, *Glassop* vs. *Colman;* and LORD MANSFIELD has even gone further and declared that if a factor deliver goods on his own account, and conceals his principal's name, and an action be brought by the principal against the buyers, that they will be allowed an offset for any demand they may have against the factor. *Bailey* vs. *Morley*, in London, Sittings 1788.

The proof set out shows that *Pennywit* was not only the ostensible partner of the firm, but that he represented himself as such, and that all its contracts and accounts were made solely and alone in his name; and consequently the Circuit Court rightly overruled the defendant's motion as in case of nonsuit. The judgment must therefore be affirmed, with costs.